UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

RANDY ROGERS and ERNEST SCAMBLER,

    Plaintiffs,

v.

BANK OF AMERICA CORPORATION aka BANK OF AMERICA, N.A.,

    Defendant.

No. 2:10-cv-00903-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

The present action arises from telephone communications between Ernest Scambler ("Plaintiff")[1] and Bank of America, N.A. ("Defendant").  Presently before the Court is Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. Proc. 12(b)(6)[2].  For the reasons set forth below, Defendant's Motion to Dismiss will be granted.

---

[1] While the caption lists another named Plaintiff, Randy Rogers, Plaintiff's First Amended Complaint indicates that Rogers has since died and is no longer asserting claims in this matter. (Pl.'s First Am. Compl. ¶ 1.)

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**[3]

Plaintiff alleges that in July 2008, Defendant began calling him on his cellular telephone.  In these calls Defendant would ask to speak with an individual other than the Plaintiff.  Each time Defendant called, Plaintiff informed Defendant it had the wrong number and that Plaintiff did not know the individual with whom Defendant wished to speak.

In September 2008, Plaintiff started receiving automated messages from Defendant.  These messages stated:

> Please contact Bank of America at 866-953-2716, Monday through Friday, from 7:00 a.m. to 7:00 p.m., Central Standard Time.  Once again our number is 866-953-2716.  Thank you.

(Pl.'s First Am. Compl. ¶ 38.)

Plaintiff claims he contacted Defendant numerous times to request Defendant stop calling his number.  Despite his requests, Plaintiff continued receiving automated calls from Defendant.  In Count I of the First Amended Complaint[4], Plaintiff alleges that these telephone calls violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").

///
///

---

[3] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified.

[4] The Court recognizes Defendant's request for judicial notice of Plaintiff's First Amended Complaint filed in this action.  Because the Complaint was filed in this proceeding, judicial notice is not necessary for the Court to take it into consideration.

1           **STANDARD**

2

3      On a motion to dismiss for failure to state a claim under
4 Rule 12(b)(6), all allegations of material fact must be accepted
5 as true and construed in the light most favorable to the
6 nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
7 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2)
8 requires only "a short and plain statement of the claim showing
9 that the pleader is entitled to relief," in order to "give the
10 defendant fair notice of what the...claim is and the grounds upon
11 which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).
12 While a complaint attacked by a Rule 12(b)(6) motion to dismiss
13 does not need detailed factual allegations, a plaintiff's
14 obligation to provide the "grounds" of his "entitlement to
15 relief" requires more than labels and conclusions, and a
16 formulaic recitation of the elements of a cause of action will
17 not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)
18 (internal citations and quotations omitted). Factual allegations
19 must be enough to raise a right to relief above the speculative
20 level. Id. at 21 (citing 5 C. Wright & A. Miller, Federal
21 Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The
22 pleading must contain something more...than...a statement of
23 facts that merely creates a suspicion [of] a legally cognizable
24 right of action").
25 ///
26 ///
27 ///
28 ///

1      If the court grants a motion to dismiss a complaint, it must
2 then decide whether to grant leave to amend.  The court should
3 "freely give[]" leave to amend when there is no "undue delay, bad
4 faith[,] dilatory motive on the part of the movant,...undue
5 prejudice to the opposing party by virtue of...the amendment,
6 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman
7 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
8 only denied when it is clear that the deficiencies of the
9 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
10 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

Plaintiff alleges that Defendant's conduct "constitute[s] numerous and multiple violations of the Rosenthal Act[5]."  (Pl.'s First Am. Compl. ¶ 48.)  Plaintiff specifically alleges Defendant violated 15 U.S.C. § 1692d (Pl.'s First Am. Compl. ¶ 44.), which is incorporated into the Rosenthal Act through § 1788.17 of the California Civil Code.  Section 1698d of Title 15 of the United States Code prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."
///
///

---

[5] In addition to the deficiencies discussed herein, the court finds Plaintiff's general allegation that Defendant's conduct constituted numerous and multiple violations of the Rosenthal Act troubling.  By not specifying the particular section(s) Defendant allegedly violated, Plaintiff may have failed to provide Defendant fair notice of the claims.

4

1   The purpose of the Rosenthal Act is "to prohibit debt
2 collectors from engaging in unfair or deceptive acts or practices
3 in the collection of consumer debts." Cal. Civ. Code
4 § 1788.1(b). The Rosenthal Act defines "debt collector" as "any
5 person who, in the ordinary course of business, regularly, on
6 behalf of himself or herself or others, engages in debt
7 collection." Cal. Civ. Code § 1788.2(c). The act defines "debt
8 collection" as "any act or practice in connection with the
9 collection of consumer debts." Cal. Civ. Code § 1788.2(b).
10   As a threshold requirement, the issue here is whether
11 Plaintiff sufficiently alleges facts in his First Amended
12 Complaint to establish that Defendant is a "debt collector"
13 contacting Plaintiff for the purpose of "debt collection" as
14 these terms are defined by the Rosenthal Act. In alleging that
15 Defendant is a debt collector, Plaintiff states that "Defendant,
16 in the ordinary course of business, regularly, on behalf of
17 himself, herself, or others, engages in debt collection...[and]
18 is therefore a debt collector as that term is defined by [the
19 Rosenthal Act]." (Pl.'s First Am. Compl. ¶ 15.) By itself, this
20 statement is not sufficient to state a claim for relief under the
21 Rosenthal Act. Plaintiff merely recites the definition of "debt
22 collector" and concludes that Defendant engages in the conduct
23 required to satisfy the definition. Plaintiff does not provide
24 any facts demonstrating that Defendant, in the ordinary course of
25 business, regularly participates in debt collection. Plaintiff's
26 conclusory statement, made without any factual support, does not
27 satisfy Rule 8(a)(2) pleading requirements.
28 ///

5

1    Plaintiff's First Amended Complaint also fails to
2 sufficiently allege that the telephone calls were for the purpose
3 of debt collection. According to Plaintiff, the alleged
4 telephone calls involved either Defendant asking to speak with an
5 individual other than the Plaintiff or an automated message
6 requesting the recipient call Defendant during its business
7 hours. Nothing in these allegations indicate that the purpose of
8 the calls was to collect a debt.
9    Plaintiff invites this court to infer that Defendant's
10 purpose for calling Plaintiff was to collect a debt. Plaintiff
11 alleges: 1) that an unknown individual owed a "debt" to
12 Defendant; 2) that said unknown individual defaulted on this
13 "debt" sometime before July 2008; 3) and that Defendant began
14 calling Plaintiff's cell phone in July of 2008, requesting to
15 speak with the unknown individual. (Pl.'s First Am. Compl.
16 ¶¶ 19-21.) Plaintiff fails, however, to provide any facts
17 indicating that the unknown individual owed a "debt" to
18 Defendant. Rather, Plaintiff states that the unknown individual
19 owed financial obligations to Defendant, and "these alleged
20 obligations were money, property, or their equivalent...and
21 therefor" constituted a "debt" as that term is defined by the
22 Rosenthal Act. Again, Plaintiff is simply reciting a definition
23 provided by the Rosenthal Act and making a conclusory statement
24 that Defendant satisfies the definition without providing any
25 facts. See Cal. Civ. Code § 1788.2(d). With no factual support
26 for Plaintiff's conclusions, this Court cannot properly infer
27 that the calls were made for the purpose of collecting a debt.
28 See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiff contends that even if this court is unable to "draw a reasonable inference", the First Amended Complaint is sufficient because "the plaintiff expressly alleges that the reason for these calls were [sic] in connection with collecting a debt." (Resp. In Opp'n To Def.'s Mot.)  Plaintiff fails to specify any facts supporting his conclusion that these calls related to debt collection.  As already stated, a conclusory statement, made without factual support, is not sufficient to survive a 12(b)(6) Motion to Dismiss.

Plaintiff's allegations appear to be no more than "labels and conclusions," which will not do.  See Iqbal, 129 S. Ct. at 1949.  The pleadings contained within Plaintiff's First Amended Complaint are insufficient to raise a right to relief beyond the level of sheer speculation.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 18) is GRANTED with leave to amend.  The hearing scheduled for September 16, 2010 is accordingly taken off calender.

///
///
///
///
///
///
///

7

Plaintiffs may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, Count I of Plaintiffs' First Amended Complaint will be dismissed without leave to amend, and without further notice.

IT IS SO ORDERED.

Dated: September 14, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

8